**Alla AVETISYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 03–73079.

Agency No. A75–744–506.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 14, 2005.

Decided Nov. 30, 2005.

Zumrud A. Ayriyan, Esq., Law Office of Zumrud A. Ayriyan, Fountain Valley, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Theresa M. Healy, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before FERNANDEZ and BERZON, Circuit Judges, and PANNER,* District Judge.

MEMORANDUM **

Alla Avetisyan petitions for review of the Board of Immigration Appeals' denial of her application for asylum and withholding of removal. We deny the petition.

The BIA's determination that an alien is "not eligible for asylum must be upheld if supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992) (internal quotation

---

* The Honorable Owen M. Panner, Senior United States District Judge for the District of Oregon, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

marks omitted). "It can be reversed only if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.* When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Id.* at 483–84, 112 S.Ct. at 817; *see also Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995). Credibility determinations are judged by the same basic standard. *See Chun He Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004); *Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002); *de Leon–Barrios v. INS,* 116 F.3d 391, 393 (9th Cir.1997). In that area, however, we have added that the determination "must be supported by a specific, cogent reason." *de Leon–Barrios,* 116 F.3d at 393 (internal quotation marks omitted); *see also Chun He Li,* 378 F.3d at 962. Moreover, where an asylum claim is involved, an alien must show either past persecution or a well-founded fear of future persecution that is "both subjectively genuine and objectively reasonable." *Fisher v. INS,* 79 F.3d 955, 960 (9th Cir.1996) (en banc).

 Here Avetisyan's claims fail. The IJ's decision was the final agency determination, and the IJ found that Avetisyan was not credible. We are unable to say that the IJ's decision was not supported by substantial evidence in the record. For example, there were significant differences between the description in her application for asylum of the only allegedly violent incident and her description of the incident at the hearing before the IJ. That incident lay at the very heart of her claim. Certainly, we cannot say that "no reasonable factfinder could fail to find" her credible. *Elias–Zacarias,* 502 U.S. at 484, 112

S.Ct. at 817; *see also Wang v. INS,* 352 F.3d 1250, 1259 (9th Cir.2003) (a single supported ground for an adverse credibility finding is sufficient if it goes to the heart of the claim.).

Petition DENIED.[1]

BERZON, Circuit Judge, dissenting.

BERZON, Circuit Judge.

I do not agree that the Immigration Judge (IJ)'s adverse credibility determination was supported by substantial evidence. Each of the reasons offered by the IJ as a basis for finding Avetisyan's testimony not credible was either wholly speculative or unsupported by the record. Accordingly, I would grant the petition for review and remand the matter to the Board of Immigration Appeals for further proceedings.

Our cases make clear that we "do not accept blindly an IJ's conclusion that a petitioner is not credible" but instead "examine the record to see whether substantial evidence supports that conclusion and determine whether the reasoning employed by the IJ is fatally flawed." *Osorio v. INS,* 99 F.3d 928, 931 (9th Cir.1996). Although given substantial deference, a finding of adverse credibility cannot be based on "conjecture and speculation," *Guo v. Ashcroft,* 361 F.3d 1194, 1199 (9th Cir.2004), and the IJ must provide a "specific, cogent reason for any stated disbelief." *He v. Ashcroft,* 328 F.3d 593, 595 (9th Cir.2003). In addition, "[m]inor discrepancies, inconsistencies or omissions that do not go to the heart of an applicant's claim do not constitute substantial evidence to support an adverse credibility finding." *Zi Lin Chen v. Ashcroft,* 362 F.3d 611, 617 (9th Cir.2004). When

---

1. Because Avetisyan did not meet the eligibility requirements for asylum, she also did not meet the more stringent standard of withhold-ing of removal either. *See Ghaly,* 58 F.3d at 1429.

viewed in light of these governing principles, the IJ's determination in this case fails.

The IJ's principal basis for deeming Avetisyan incredible, and the sole reason discussed by the majority, is that certain details Avetisyan testified about concerning the brutal attack she suffered at the hands of HEHESHA were omitted from her written application for asylum. "It is well settled that an applicant's testimony is not per se lacking in credibility simply because it includes details that are not set forth in the asylum application." *Lopez–Reyes v. INS*, 79 F.3d 908, 911 (9th Cir. 1996). The oral testimony offered by Avetisyan was in no way *inconsistent* with the account detailed in her application. The attack is amply described in her written application, including the statement that her attackers pushed her "violently on the floor" and threatened her "with more severe punishment." Avetisyan's oral testimony regarding the fact that one of the attackers ripped her clothes apart and appeared as though he wanted to rape her is simply an elaboration of that "more severe punishment." The IJ's supposition that an asylum applicant's oral testimony must match exactly what was provided in the written application is simply at odds with our case law. *See Bandari v. INS*, 227 F.3d 1160, 1167 (9th Cir.2000) ("[T]he IJ's subjective view of what a persecuted person would include in his asylum application has no place in an adverse credibility determination.").

Also, the IJ failed to address Avetisyan's completely plausible explanation that the missing details were attributable to a miscommunication with the individual who prepared her application for asylum. This gap in the IJ's analysis is a sufficient ground to grant the petition for review. *See Guo*, 361 F.3d at 1201; *see also Alvarez–Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir.2003).

I also find unpersuasive the remaining reasons offered by the IJ in support of her adverse credibility determination. The IJ's doubt as to why Avetisyan's mother was not arrested amounts to nothing more than speculation concerning what the Armenian authorities might or might not do in the course of their investigation. *See Ge v. Ashcroft*, 367 F.3d 1121, 1125 (9th Cir.2004). Finally, the IJ's finding that Avetisyan's testimony concerning the political situation in Armenia was inconsistent with the Country Conditions Report is unsupported by the record. Avetisyan's testimony regarding breaches of the cease fire was fully consistent with the factual description presented in the Report. At bottom, the IJ was making an impermissible determination as to the validity of Avetisyan's own political beliefs about what was best for her country.

As none of the reasons offered by the IJ in support of her adverse credibility determination were supported by substantial evidence, I would remand this case to the BIA for a determination as to whether Avetisyan has satisfied the standards for asylum, withholding of removal, or relief under the Convention Against Torture.[1] *See INS v. Ventura*, 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002). I therefore respectfully dissent.

---

1. Because I would hold that Avetisyan's testimony must be accepted as credible, there is no requirement that she offer evidence to corroborate her account. *See Ladha v. INS*, 215 F.3d 889 (9th Cir.2000). As a result, the alternative ruling relied on by the IJ must also fail.